## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT CARTER,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:18-cv-00571-ACA** |
| | ] | |
| **CABLE TECHNOLOGY** | ] | |
| **COMMUNICATIONS, LLC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Southern Cable Services, LLC's motion for summary judgment. (Doc. 48).

Plaintiff Robert Carter filed an amended complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Cable Technology Communications, LLC, Southern Cable Services, LLC ("Services"), Southern Cable Systems, LLC ("Systems"), Thanh Nguyen, and Jerry Tyler, for unpaid overtime and minimum wages. (Doc. 28 at 3–4 ¶ 5; *see also id.* at 11–14). The Clerk has entered a default against Cable Technology Communications and Mr. Nguyen after they failed to answer or otherwise defend this action, but Services, Systems, and Mr. Tyler have answered the amended complaint. (Docs.

20, 29).   According to Mr. Carter, Mr. Tyler is the owner and operator of both Services and Systems.  (Doc. 28 at 4 ¶ 5(e)).

After Mr. Carter filed this action, Systems and Mr. Tyler declared bankruptcy, and this court entered the automatic stay, as required under 11 U.S.C. § 362(a).  (Docs. 40, 45).  Services, the only defendant that has not defaulted or had a stay entered, has now filed for summary judgment.  (Doc. 48).  In response, Mr. Carter objects that, because of the automatic stay imposed as a result of Mr. Tyler's and Systems' bankruptcies, he has not been able to conduct adequate discovery.

To the extent that Mr. Carter seeks additional time to conduct discovery on the limited factual question of whether Services ever employed him, the court **DENIES** that request.  Because the undisputed evidence establishes that Services could not have employed Mr. Carter during the relevant time period, the court **GRANTS** Services' motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of Services and against Mr. Carter on all of Mr. Carter's claims against Services.

## I.    BACKGROUND

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving

party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

Mr. Carter's amended complaint alleges that he was employed jointly by all of the defendants—including Services—from December 2016 until March 2017. (Doc. 28 at 7 ¶ 25). In its motion for summary judgment, Services contends that it could not have employed Mr. Carter because it went out of business and has been defunct since 2009. (Doc. 50 at 3–4). In support of that contention, Services points to an affidavit from its manager and member, Mr. Tyler (doc. 49), as well as the record from its bankruptcy case, *In re Southern Cable Services, LLC*, no. 06-02407-TOM11 (Bankr. N.D. Ala.).

On July 11, 2006, Services filed a petition for Chapter 11 bankruptcy. *In re Southern Cable Services, LLC*, no. 06-02407-TOM11, Doc. 1 (Bankr. N.D. Ala. July 11, 2006). Services filed an amended plan of liquidation, which the bankruptcy court confirmed. *Id.*, Doc. 171 (Bankr. N.D. Ala. May 23, 2007); *id.*, Doc. 218 (Bankr. N.D. Ala. Aug. 17, 2007). In February 2009, the bankruptcy court found that the estate had been fully administered and closed the case. *Id.*, Doc. 276 (Bankr. N.D. Ala. Feb. 26, 2009). Mr. Tyler attests that Services has not done business since it was liquidated. (Doc. 49 at 2 ¶ 7). He further attests that Services "has no relationship and has no information or documents related to Plaintiff Robert Carter" and that "it has been at least ten years since Southern

Cable Services, LLC had an independent contractor or employee." (*Id.* at 2 ¶¶ 8–9).

## II.    DISCUSSION

Services moves for summary judgment on the basis that it cannot have employed Mr. Carter in 2016 and 2017 because it has not engaged in active operations since 2009. (Doc. 50 at 3–4). Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Services has presented evidence that it has been defunct since it was liquidated in 2009. *In re Southern Cable Services, LLC*, no. 06-02407-TOM11, Doc. 276 (Bankr. N.D. Ala. Feb. 26, 2009); (Doc. 49 at 2 ¶ 7). And a defunct organization cannot have employed anyone. Mr. Carter has not controverted that evidence. Instead, he argues that he has not been able to conduct adequate discovery on the role Services played in his employment because, as a recipient of the automatic stay under 11 U.S.C. § 362(a), Mr. Tyler has been unavailable for further discovery. (Doc. 51 at 1).

Mr. Carter points out that Rule 56(d) permits a court to deny a motion for summary judgment or "allow time to obtain affidavits or declarations or to take discovery" if "a nonmovant shows by affidavit or declaration that, for specified

reasons, it cannot present facts essential to justify its opposition" to summary judgment. The party seeking such a ruling must "present[ ] valid reasons justifying his failure of proof." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (quotation marks omitted) (discussing the predecessor to Rule 56(d)). The request "cannot rest on vague assertions that additional discovery will produce needed, but unspecified facts, but rather must specifically demonstrate how postponement of a ruling on the motion will enable [the nonmovant], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (quotation marks omitted).

Putting aside the fact that Mr. Carter has not filed such an affidavit or declaration, the court finds that further discovery would not aid him. The issue of Mr. Carter's employment with Services was first brought to the court's attention in Service's answer to the initial complaint, filed in February 2019. (*See* Doc. 25 at 2 ¶ 5(b); *see also* Doc. 29 at 2 ¶ 5(b)). At the scheduling conference held on April 5, 2019, the court ordered the parties to conduct discovery on this issue, with a discovery deadline of June 17, 2019. (*See* Docs. 37, 38, 39). Systems and Mr. Tyler did not file their suggestion of bankruptcy until July 1, 2019. (Doc. 40). Accordingly, Mr. Carter had an appropriate opportunity to conduct discovery on this issue before the court imposed the automatic stay, and he has not satisfied his

burden of explaining how additional discovery would help him rebut Services'
evidence that it has been out of business since 2009.

Mr. Carter alleges that Services employed him in 2016 and 2017, but the
unrebutted evidence establishes that Services has not done any business since
2009. Obviously, a plaintiff cannot prevail in an FLSA case unless he proves that
the defendant employed him. *Cf.* 29 U.S.C. 206(a) (requiring employers to pay
certain employees a federally mandated minimum wage); *id.* § 207(a)(1) (requiring
employers to provide overtime compensation for employees who work more than
forty hours per work week). Because no genuine dispute of material fact exists
about whether Services could have been Mr. Carter's employer in 2016 and 2017,
the court **GRANTS** Services' motion for summary judgment and **WILL ENTER
SUMMARY JUDGMENT** in favor of Services and against Mr. Carter on all of
Mr. Carter's claims.

## III.  CONCLUSION

The court **GRANTS** Services' motion for summary judgment and **WILL
ENTER SUMMARY JUDGMENT** in favor of Services and against Mr. Carter
on all of Mr. Carter's claims. This memorandum opinion and order does not affect
Mr. Carter's claims against the remaining defendants.

The court will enter a separate partial judgment in accordance with this
memorandum opinion and order.

**DONE** and **ORDERED** this February 18, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE