## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ROBERT CARTER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:18-cv-00571-ACA** |
| | } | |
| **CABLE TECHNOLOGY** | } | |
| **COMMUNICATIONS, LLC;** | } | |
| **SOUTHERN CABLE SERVICES,** | } | |
| **LLC; AND THANH NGUYEN** | } | |
| | } | |
| **Defendants.** | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Robert Carter filed this action against, among others, Defendants Cable Technology Communications, LLC ("Cable Technology"), Southern Cable Systems, LLC ("Systems"), and Thanh Nguyen, alleging that they employed him as a cable installer and violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207(a)(1), by failing to pay overtime and minimum wage. (Doc. 28). Mr. Nguyen and Cable Technology never appeared in the case, and the Clerk entered a default against them in December 2018. (Doc. 20). Systems, however, answered the amended complaint, denying all allegations. (Doc. 29). Systems' attorney later withdrew, leaving the company unrepresented and therefore unable to continue defending the case. (*See* Docs. 68, 69, 71, 72).

Mr. Carter then moved for default judgment under Federal Rule of Civil Procedure 55. (Doc. 78). Because the court cannot enter a Rule 55 default judgment against a defendant that has appeared and filed an answer, the court construed the motion for default judgment against Systems as a motion for summary judgment, under Federal Rule of Civil Procedure 56, against Systems, and gave the parties further time to supplement the motion and their arguments. (Doc. 80). Mr. Carter filed a formal motion for summary judgment against Systems (doc. 81), along with a supplemental brief and evidence (doc. 82, 82-1, 82-2) but Systems did not respond.

Because Mr. Carter's well-pleaded allegations and evidence support his claims against Cable Technology and Mr. Nguyen, the court **WILL GRANT** the motion for default judgment and **WILL ENTER DEFAULT JUDGMENT** against Cable Technology and Mr. Nguyen. In addition, Mr. Carter has presented evidence from which a reasonable jury could find that Systems employed him and failed to pay him minimum wages and overtime as required by the FLSA, so the court **WILL GRANT** the motion for summary judgment against Systems and **WILL ENTER SUMMARY JUDGMENT** in Mr. Carter's favor and against Systems. The court **WILL AWARD** $8,583.84 in damages, composed of: $522 in unpaid minimum wages, $3,769.92 in unpaid overtime, and $4,291.92 in liquidated damages, for which Systems, Cable Technology, and Mr. Nguyen are jointly and severally liable.

Finally, the court **GRANTS** Mr. Carter's motion for attorney's fees and costs **IN PART** and **WILL AWARD** $11,610 in attorneys' fees and $823.03 in costs.

## I.      BACKGROUND

Because Cable Technology and Mr. Nguyen failed to answer the amended complaint, they have admitted the allegations contained in it.  *See* Fed. R. Civ. P. 8(b)(6).  The court will therefore describe allegations against Cable Technology and Mr. Nguyen as set out in the amended complaint.

But Systems answered the amended complaint and denied all allegations. (Doc. 29).  Accordingly, the court construed the motion for default judgment against Systems as one for summary judgment.  (Doc. 80).  In reviewing a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted). Although Systems has not responded to the motion for summary judgment, the court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004).  There court has therefore "reviewed all of the evidentiary materials submitted in support of the motion for summary judgment," and will describe the facts Mr. Carter proved against Systems.  *See id.*

### 1.  The Amended Complaint

Cable Technology is a company that does cable installation in Alabama. (Doc. 28 at 3 ¶ 5(a), 9 ¶ 39).  Mr. Nguyen is the president of Cable Technology.  (*Id.* at 3 ¶ 5(c)).  Cable Technology and Mr. Nguyen hired Mr. Carter in December 2016 to work as a cable installer.  (*Id.* at 6–7 ¶ 21).  They acted "in unison" to hold meetings, implement rules and regulations, impose payroll policies, and assign jobs to Mr. Carter.  (*Id.* at 6 ¶¶ 18, 20, 21).  Employees were also required to undergo training, for which they were not paid.  (*Id.* at 8 ¶ 31).

Each day, "Defendants" would provide a list of customers for Mr. Carter to service.  (Doc. 28 at 7 ¶ 26). Mr. Carter was paid per job, without regard to the amount of time each job took or whether a customer purchased an additional service or upgrade.  (*Id.* at 3 ¶ 4, 8 ¶¶ 29–30).  He also had no ability to acquire additional jobs if he finished ahead of schedule.  (*Id.* at 7 ¶ 27).  He "routinely" worked at least 72 hours per week.  (*Id.* at 8 ¶ 32).  But he was not paid either minimum wage or overtime.  (*Id.* at 8 ¶¶ 34–35).

### 2.  The Evidence

In his affidavit, Mr. Carter reasserts the same facts set out in his amended complaint.  (*See generally* Doc. 78-3).  He also attests that Systems had a contract with Charter Spectrum to provide cable installation services.  (*Id.* at 1 ¶ 2).  Systems in turn contracted with Cable Technology and Mr. Nguyen to fulfill the Charter

contract.  (*Id.* at 1 ¶ 3, 2¶ 7).  While Mr. Carter was working for Cable Technology and Mr. Nguyen, Systems provided the equipment and job assignments, jointly ran "business meetings" to discuss "policies and the procedures by which [he] was to perform his job," and developed rules governing the payment of cable installers.  (*Id.* at 2 ¶¶ 8–9, 11, 14).  Each workday, Mr. Carter had to report to Systems' warehouse at 7:00 a.m., where he would be sent out on jobs.  (*Id.* at 4 ¶ 32).

Mr. Carter attests that he spent 72 hours in training during his first week, but he was not paid for that week.  (Doc. 78-3 at 5 ¶ 37).  After he was out of training, he worked 72 hours per week for 17 weeks.  (Doc. 78-3 at 4 ¶¶ 32–33, 5¶ 44).  His weekly pay was $998, equaling $13.86 per hour based on a 72-hour work week.  (*Id.* at 5 ¶ 41).  His employment ended in March 2017.  (*Id.* at 7 ¶ 25).

## III.   DISCUSSION

The court will first address whether to enter a default judgment against Cable Technology and Mr. Nguyen, followed by whether to enter summary judgment against Systems.

### 1.   Default Judgment Against Cable Technology and Mr. Nguyen

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a).  Second, if the defendant is not an infant or an incompetent

person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief that would survive a motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 55(b); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

"When evaluating a motion to dismiss, a court looks to see whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Surtain*, 789 F.3d at 1245 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (some quotation marks omitted) (alteration in original).  A claim to relief is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft*, 556 U.S. at 678.

Here, the Clerk has entered Rule 55(a) defaults against Cable Technology and Mr. Nguyen.  (Doc. 20).  The next question is whether Mr. Carter's amended

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

complaint states a claim for entitlement to overtime and minimum wages under the FLSA.

The FLSA provides a private right of action for an employer's violation of its minimum wage or overtime provisions.  29 U.S.C. § 216(b).  The minimum wage provision requires an employer to pay $7.25 per hour to employees "engaged in commerce" or "employed in an enterprise engaged in commerce."  *Id.* § 206(a)(1)(C).  The overtime provision requires an employer to pay employees who work more than forty hours per week "at a rate not less than one and one-half times the regular rate at which [they are] employed" for each hour worked over forty hours. *Id.* § 207(a)(1)–(2).

The FLSA defines an employer as "both the employer for whom the employee directly works as well as any person acting directly or indirectly in the interests of an employer in relation to an employee." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (quotation marks omitted).  Thus, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.*  To qualify as an employer, a company's officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

Mr. Carter has stated claims for unpaid overtime and minimum wages. He has adequately alleged that Cable Technology and Mr. Nguyen hired him. (Doc. 28 at 6–7 ¶ 21). He has also alleged that Mr. Nguyen was involved in day to day operations of Cable Technology, including holding meetings, implementing rules and regulations, imposing payroll policies, and assigning jobs to employees. (*Id.* at 6 ¶¶ 18, 20, 21). Taking those facts as true, he has alleged enough to establish that both Cable Technology and Mr. Nguyen qualify as "employers" for FLSA purposes.

Mr. Carter has also adequately alleged that he qualifies as an employee under the FLSA. The FLSA does not cover "independent contractors." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). To determine whether a person is an employee or an independent contractor, "courts look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence." *Id.* at 1311. Here, Mr. Carter has alleged that Cable Technology and Mr. Nguyen provided a daily list of customers, that Mr. Carter could not be assigned any additional customers even if he finished early, and that he did not receive any kind of commission based on a customer's purchase of additional services or upgrades. (Doc. 28 at 3 ¶ 4, 7 ¶¶ 26–27, 8 ¶¶ 29–30). Those allegations are enough to state a claim that Mr. Carter was an employee covered by the FLSA. Finally, Mr. Carter has adequately alleged that he was "engaged in commerce" because, as a cable installer, he performed work "involving

or related to the movement of . . . things (whether tangibles or intangibles, and including information and intelligence) among the several States." 29 C.F.R. § 779.103.

Mr. Carter has also alleged facts that, taken as true, establish that he worked for a week without being paid while he was in training, and that after he was out of training, he regularly worked over forty hours per week without being paid overtime. (Doc. 28 at 8 ¶¶ 31–32). This is enough to establish violations of the FLSA's minimum wage and overtime requirements.

Where an employer has violated the minimum wage or overtime provisions of the FLSA, the employee is entitled to recover the amount of unpaid minimum wages, unpaid overtime compensation, and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Mr. Carter's amended complaint sought an unspecified amount of compensatory and liquidated damages (doc. 28 at 13 ¶ 59, 14 ¶ 71), and his motion for default judgment seeks $8,583.84 in compensatory and liquidated damages (doc. 78-1 at 23).

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may enter a default judgment without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1).

Unlike a finding of liability, the court may award damages only if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotation marks omitted).

Mr. Carter has submitted an affidavit in which he attests that he worked for one 72-hour week without being paid at all and that afterward, he spent 17 weeks work for 72 hours per week at a rate of $998 per week.  (Doc. 78-3 at 5 ¶¶ 37, 41, 44–45).  This is sufficient to allow the court to calculate the minimum wage and overtime payments, as well as the liquidated damages.  Mr. Carter is entitled to $522 in unpaid minimum wages, $3,769.92 in unpaid overtime, and $4,291.92 in liquidated damages.

Accordingly, the court **WILL GRANT** Mr. Carter's motion for a default judgment against Cable Technology and Mr. Nguyen and **WILL AWARD** Mr. Carter a total of $8,583.84 in damages for violations of the overtime and minimum wages provisions of the FLSA.

2.  Summary Judgment Against Systems

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

*see also Hamilton*, 680 F.3d at 1318.  If Systems qualifies as an employer for FLSA purposes, then Mr. Carter is entitled to unpaid overtime and minimum wages against Systems for the same reasons as he is entitled to that relief from Cable Technology and Mr. Nguyen.  Mr. Carter contends that Systems qualifies as his employer under the "joint employer" doctrine.  (Doc. 78-1 at 15–18).

Whether an entity qualifies as a joint employer under the FLSA depends on eight factors: (1) "the nature and degree of control of the workers"; (2) "the degree of supervision, direct or indirect, of the work"; (3) "the power to determine the pay rates or the methods of payment of the workers"; (4) "the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers"; (5) "preparation of payroll and the payment of wages"; (6) "ownership of facilities where work occurred"; (7) "performance of a specialty job integral to the business"; and (8) "investment in equipment and facilities."  *Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276, 1294 (11th Cir. 2016) (alterations omitted).

Mr. Carter has presented evidence showing that Systems exercised control over him because it provided the equipment, issued job assignments, set policies and procedures, developed rules governing payment of wages, and required Cable Technology and Mr. Nguyen's employees to report to work as its warehouse.  (Doc. 78-3 at 2 ¶¶ 8–9, 2 ¶ 11, 2¶ 14, 4¶ 32).  At this stage, and absent any opposing evidence from Systems, that is sufficient to establish Systems as a joint employer.

Accordingly, the court **WILL GRANT** the motion for summary judgment and **WILL ENTER** summary judgment in favor of Mr. Carter and against Systems with respect to Mr. Carter's overtime and minimum wage claims against Systems. The court **WILL AWARD** Mr. Carter a total of $8,583.84 in damages for violations of the overtime and minimum wages provisions of the FLSA.

## IV.   ATTOREYS' FEES

As the prevailing plaintiff, Mr. Carter is entitled to his costs and a reasonable attorneys' fee, to be paid by Systems, Cable Technology, and Mr. Nguyen. 29 U.S.C. § 216(b). Mr. Carter requests $12,330 in attorney's fees based on two attorneys spending 41.10 hours on this case at a rate of $300 per hour. (Doc. 78-1 at 25; Doc. 78-2 at 5 ¶ 27–29). He also requests $823.03 in costs. (Doc. 78-1 at 26).

The Eleventh Circuit has described in detail the process for determining an award of attorney's fees. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299–1303 (11th Cir. 1988). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303. Fee counsel should present documentation showing "time spent on the different claims," together with information about "the general subject matter of the time expenditures." *Id.* "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* But where the fee petition does not provide adequate documentation, "the court

may make the award on its own experience," even without "further pleadings or an evidentiary hearing." *Id.* at 1303.

Mr. Carter's two attorneys charge $300 per hour. (Doc. 78-2 at 5 ¶ 27). Based on the court's independent judgment about "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," the court finds that $300 is a reasonable hourly rate. *See Norman*, 836 F.2d at 1299.

Next, Mr. Carter's attorneys seek fees for 41.1 hours of work. (Doc. 78-2 at 5 ¶ 28). Because the fee petition did not include any specifics about what the attorneys worked on for those hours, the court requested that the attorneys submit a detailed invoice of the work performed in this case. Having reviewed that invoice, the court concludes that 38.7 hours is a reasonable amount of time to bill in this case. Specifically, Mr. Carter's attorneys seek fees for 2.4 hours spent (1) responding to an order to show cause about the need to dismiss another defendant, (2) participating in a teleconference about that show cause order, and (3) drafting an order to voluntarily dismiss that defendant. Because that time was spent working on claims related to a defendant against whom Mr. Carter did not prevail, the court must deduct that time. *See Norman*, 836 F.2d at 1302 ("[I]n determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims."). However, the rest of the time Mr. Carter's attorneys spent on the case is reasonable.

13

The appropriate lodestar in this case is $300 per hour for 38.7 hours, or $11,610.  The court has considered whether any other adjustment is necessary, *see Norman*, 836 F.2d at 1302, but concludes that it is not.  Accordingly, the court **WILL AWARD** Mr. Carter $11,610 in attorneys' fees.

Mr. Carter also seeks $823.03 in costs.  (Doc. 78-1 at 26).  The court concludes that those costs are reasonable and **WILL AWARD** $823.03.

## V.    CONCLUSION

The court **GRANTS** Mr. Carter's motion for default judgment and his construed motion for summary judgment.  (Doc. 78).  The court **WILL ENTER SUMMARY JUDGMENT** in favor of Mr. Carter and against Systems as to Systems' liability for failing to pay minimum wages and overtime.  The court **WILL ENTER DEFAULT JUDGMENT** in favor of Mr. Carter and against Cable Technology and Mr. Nguyen as to their liability for failing to pay minimum wages and overtime.  The court **WILL AWARD** Mr. Carter (1) $522.00 for unpaid minimum wages; (2) $3,769.92 in unpaid overtime; and (3) $4,291.92 in liquidated damages.  The court **GRANTS IN PART** the petition for attorney's fees and costs and **WILL AWARD** $11,610 in attorneys' fees and $823.03 in costs.

The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 12, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE